UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOE ALVAREZ, individually and on behalf of similarly situated individuals, | |
| Plaintiff, | Case No. |
| v. | REMOVED FROM THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS |
| MENASHA CORPORATION, | CASE NO. 2019 CH 08270 |
| Defendant. | |

**NOTICE OF REMOVAL**

In accordance with 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Menasha Corporation ("Menasha") hereby removes to the United States District Court for the Northern District of Illinois, Eastern Division, the civil action pending against it in the Circuit Court of Cook County, Illinois. In support of removal, Menasha states as follows:

1. On July 12, 2019, Plaintiff Noe Alvarez ("Alvarez") commenced an action against Menasha by filing in the Circuit Court of Cook County, Illinois a complaint styled as *Noe Alvarez, individually and on behalf of similarly situated individuals v. Menasha Corporation*, Case No. 2019-CH-08270. (*See* Pl.'s Compl., attached with a summons, as Exhibit A.) The Complaint seeks relief under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, including, among other things, liquidated damages of $5,000 per violation of each of Menasha's negligent violations of BIPA." (Ex. A at ¶43.) Menasha was served with the Complaint on July 19, 2019. (*See* Proof of Service, attached as Exhibit B.)

2. Here, removal is proper under 28 U.S.C. § 1441 because this Court has original diversity-of-citizenship jurisdiction over this case under 28 U.S.C. § 1332(a)(1) and 28 U.S.C.

§ 1332(d)(2)(A), the latter being the jurisdictional grant of the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(a)(1) ("The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different states * * *"); 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which [] any member of a class of plaintiffs is a citizen of a State different from any defendant"); *see also* 28 U.S.C. § 1441(a), (b). Menasha will address each independent basis for jurisdiction.

**I.  The Parties Are Citizens Of Different States And, Based On The Allegations In The Complaint, The Amount In Controversy Is Satisfied.**

3.  Complete diversity exists between the parties. *See Pain Ctr. of SE Indiana LLC v. Origin Healthcare Sols. LLC*, 893 F.3d 454, 458 (7th Cir. 2018) (diversity of citizenship jurisdiction "requires complete diversity between the parties"). As alleged in the Complaint, Alvarez is a "resident and citizen of the State of Illinois" (Ex. A at ¶11), and Menasha is not a "citizen" of Illinois.

4.  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The appropriate test to determine a corporation's principal place of business is the "nerve center" test. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Under the "nerve center" test, the corporation's principal place of business is the single place within a particular State where the corporation's officers "direct, control, and coordinate the corporation's activities," which is normally the place where the corporation maintains its main headquarters.

*See id*. The Supreme Court has used "[t]he metaphor of the 'corporate brain'" to describe a corporation's principal place of business. *See id.* at 95.

5. Defendant is incorporated under the laws of the State of Wisconsin and maintains its corporate headquarters—its "nerve center"—in the State of Wisconsin. Defendant does not operate facilities in Illinois.

6. Because Defendant is not incorporated under the laws of Illinois and does not maintain its principal place of business in Illinois, Defendant is not a citizen of Illinois. Thus, Plaintiff is a citizen of a different state than Defendant, and this case is "between citizens of different states." *See* 28 U.S.C. § 1332(a), (c).

7. The parties thus are completely diverse and, because Menasha is not a citizen of the state in which the action was brought, *see* 28 U.S.C. § 1441(b)(2), the "citizenship" component of the removal analysis is satisfied.

8. The amount-in-controversy requirement also is satisfied. While Menasha denies liability as to Alvarez's claims, the amount-in-controversy requirement is satisfied because, according to the Complaint, Alvarez is seeking damages in excess of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1446(c)(2); *see also Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). Alvarez alleges that he "worked for Defendant" (Ex. A at ¶11) "at one of Defendant's facilities in Illinois" (*id.* at ¶14)[1] and that he was "required to scan his fingerprint into biometric timekeeping devices in order to 'clock-in' and 'clock-out' of each respective work shift" (*id*. at ¶17).

---

[1] This allegation is misleading. Alvarez was never employed by Menasha. He was a temporary worker employed through an independent temporary agency.

3

9. Thus, given that the Complaint is seeking "statutory damages of $5,000 *for each* willful and/or reckless violation of BIPA" (Ex. A at ¶43 (emphasis added)), it is plausible that Alvarez seeks to recover $5,000 in damages for each time he clocked in and out from work. It is Menasha's understanding that Alvarez's tenure as a temporary worker was limited to two or three months, but even under that limited time frame, per-scan damages would readily exceed $75,000. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (a "removing party [ ] only must establish the amount in controversy by a good faith estimate that is plausible and adequately supported by the evidence"). Defendant does *not* agree that Alvarez is entitled to that measure of damages under BIPA,[2] but, for removal purposes, the question is not "what damages the plaintiff will recover, but only how much is *in controversy* between the parties." *Id.* (emphasis in original; internal citation and quotation omitted). Accordingly, this case is thus removable under 28 U.S.C. § 1441 on diversity-of-citizenship grounds. *See* 28 U.S.C. § 1441(a), (b)(2).

10. Moreover, Alvarez also is seeking declaratory relief, injunctive relief, and attorneys' fees, which also factor into evaluating the amount in controversy for jurisdictional purposes. *See Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) (in a suit for injunctive relief, "the amount in controversy is measured by the value of the object of the litigation"); *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 2443 (1977) ("[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation"); *Hart v.*

---

[2] Menasha denies that Alvarez has alleged an actionable violation of BIPA each and every time he clocked in and out because, among other things, such a result would conflict with a plain language of the statute and would raise serious constitutional and policy concerns. Menasha further denies that Alvarez has suffered an injury. Nonetheless, for purposes of removal, Alvarez's allegations and requested relief, and the plausible inferences drawn therefrom, must be accepted as true for purposes of determining the amount in controversy. *See generally CCC Info. Servs., Inc. v. Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000).

4

*Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (where state statute allowed recovery of attorney's fees, fees incurred as of the date of filing properly included in amount-in-controversy analysis); *see also Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 957 (7th Cir. 1998) (similar); *cf. Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) (similar). Therefore, Alvarez's additional requested relief further sustains that more than $75,000 is at issue.

**II.     This Matter Also Meets All The Requirements Of 28 U.S.C. § 1332(d)(2) For Jurisdiction Under CAFA,**

11.     CAFA provides an independent basis for this Court's jurisdiction. This matter is a "class action" under CAFA because a "class action" for purposes of CAFA is defined as "any civil action filed in a district court of the United States under Rule 23 of the Federal Rules of Civil Procedure or any civil action that is removed to a district court of the United States that was originally filed under a State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The Complaint alleges claims on behalf of a class of "[a]ll individuals whose biometrics were captured, collected, stores, used, transmitted, or disseminated by or on behalf of Defendant within the State of Illinois at any time within the applicable limitations period." (Ex. A at ¶26). Therefore, this action is properly considered a "class action" under CAFA.

12.     The requirement of minimal diversity is also satisfied. Alvarez is a citizen of Illinois. (Ex. A at ¶10). And for purposes of CAFA, Menasha is a citizen of Wisconsin - because that is the state "where it has its principal place of business" - and because that is the state "under whose laws it is organized." 28 U.S.C. § 1332(d)(10). As a result, the parties are of diverse citizenship for purposes of 28 U.S.C. § 1332(d)(2)(A).

13. Further, the "matter in controversy" aggregated across all the purported class members' claims satisfies CAFA. Under CAFA, "the matter in controversy" must "exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy in class actions, CAFA expressly requires that "the claims of the individual members shall be aggregated . . . ." 28 U.S.C. § 1332(d)(6).

14. For this amount in controversy to be satisfied, there need only be "a reasonable probability that the stakes exceed" $5,000,000. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). In this regard, the Seventh Circuit has acknowledged "the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). Accordingly, "the party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Id*. (citing *Brill*, 427 F.3d at 448 (7th Cir. 2005)). This burden thus "is a pleading requirement, not a demand for proof." *Id*. (quoting *Spivey v. Vertrue, Inc*., 528 F.3d 982, 986 (7th Cir. 2008)).

15. Menasha denies the validity and merit of Alvarez's claims, the legal theories upon which they are based, and the claims for monetary and other relief that allegedly flow therefrom. But for purposes of setting forth grounds for this Court's jurisdiction—and without conceding that Plaintiff or the putative class are entitled to damages or penalties or relief—it is now apparent that although the Complaint does not affirmatively specify a damages figure, the aggregated claims of the putative class exceeds CAFA's jurisdictional minimum.

16. As noted above, given that the Complaint is seeking $1,000 to $5,000 in statutory damages for *each* violation of BIPA (Ex. A at ¶43), and given that Alvarez alleges that there may

6

be "hundreds of members" in the class (Ex. A at ¶28) a per-scan damages theory, if applied to the class, would far exceed CAFA's jurisdictional minimum.

17. Even under a more conservative damages theory, the CAFA threshold is reached. Alvarez alleges that he is seeking $1,000 to $5,000 for each BIPA violation identified. (Ex. A at ¶ 45). Given that Alvarez alleges that Menasha committed at least six violations of BIPA with respect to Plaintiff and each putative BIPA class member (Ex. A at ¶ 40), it is plausible that Alvarez is seeking statutory damages of up to $5,000 for six separate violations for each class member. Again, Alvarez alleges there may be "hundreds of members" in the class. (Ex. A at ¶28.) Thus, Alvarez may contend that there are at least 200 class members entitled to recover $30,000 individually, which would yield at least approximately $6,000,000 in the aggregate. Menasha denies that Alvarez and the purported class could recover damages, much less damages for "willful" violations of BIPA, but for purposes of determining whether subject matter jurisdiction exists under CAFA, the amount in controversy is satisfied.

**III. Menasha Has Satisfied The Procedural Requirements For Removal.**

18. This Notice of Removal was timely filed within the thirty days provided under 28 U.S.C. § 1446(b) as Menasha was served with the Complaint on July 19, 2019. (*See* Ex. B.)

19. Because this action is brought in the Circuit Court of Cook County, Illinois, venue for purposes of removal is proper in this Court: under 28 U.S.C. § 93(a)(2), this District and this Division embraces Cook County, Illinois, the place where the removed action has been pending. *See* 28 U.S.C. § 93(a)(2); 28 U.S.C. § 1441(a).

20. In accordance with 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served on Menasha are attached as Exhibits A and B.

7

21. In accordance with 28 U.S.C. §1446(d), Menasha will promptly provide written notice to Alvarez and will promptly file a copy of this Notice of Removal with the Clerk of the Court for the Circuit Court of Cook County, Illinois.

\* \* \*

For the foregoing reasons, Defendant Menasha Corporation files its Notice of Removal, removing this case from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, and further requests that this Court accept this Notice of Removal and assume jurisdiction over this matter for all further proceedings.

DATED: August 19, 2019

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Danielle M. Kays*
    Danielle M. Kays

Richard P. McArdle (IL Bar No. 6216504)
rmcardle@seyfarth.com
Danielle M. Kays (IL Bar No. 6284321)
dkays@seyfarth.com
Joseph Donado (IL Bar No. 6277386)
jdonado@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

***Attorneys for Defendant Menasha Corporation***

## **CERTIFICATE OF SERVICE**

I, Danielle M. Kays, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **NOTICE OF REMOVAL**, to be served upon the following by email and U.S. Mail postage prepaid on this 19th day of August, 2019:

> William P. N. Kingston
> Jad Sheikali
> McGuire Law, P.C.
> 55 W. Wacker Drive, 9th Floor
> Chicago, IL 60601
> wkingston@mcgpc.com
> jsheikali@mcgpc.com
>
> *Attorneys for Plaintiff*

>  */s/ Danielle M. Kays*
>  Danielle M. Kays