# EXHIBIT A

Return Dates: No return date scheduled
Hearing Date: 11/14/2019 10:00 AM - 10:00 AM
Courtroom Number: 2308
Location: District 2 Court
Cook County, IL

2121 - Served
2121 - Not Served
2321 - Served By Mail
2421 - Served By Publication
**ALIAS - SUMMONS**

FILED
7/16/2019 10:27 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH08270

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY _____ DIVISION 2019CH08270

FILED DATE: 7/16/2019 10:27 AM   2019CH08270

5780144

No. _____

NOE ALVAREZ, individually and on behalf of a class of similarly situated individuals,

(Name all parties)

v.

MENASHA CORPORATION,

MENASHA CORPORATION

c/o CT Corporation System

208 S. LaSalle St. Suite 814 Chicago, IL 60604

### ◉ SUMMONS ○ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

- ◉ Richard J. Daley Center, 50 W. Washington, Room 802 ____, Chicago, Illinois 60602
- ○ **District 2 - Skokie**
  5600 Old Orchard Rd.
  Skokie, IL 60077
- ○ **District 3 - Rolling Meadows**
  2121 Euclid
  Rolling Meadows, IL 60008
- ○ **District 4 - Maywood**
  1500 Maybrook Ave.
  Maywood, IL 60153
- ○ **District 5 - Bridgeview**
  10220 S. 76th Ave.
  Bridgeview, IL 60455
- ○ **District 6 - Markham**
  16501 S. Kedzie Pkwy.
  Markham, IL 60428
- ○ **Child Support**
  28 North Clark St., Room 200
  Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

| | |
|---|---|
| Atty. No.: 56618 | WITNESS, 7/16/2019 10:27 AM DOROTHY BROWN |
| Name: McGuire Law, P.C. | |
| Atty. for: Plaintiff | |
| Address: 55 W. Wacker Drive, 9th Floor | |
| City/State/Zip: Chicago, IL 60601 | Date of service: _____ |
| Telephone: (312) 893-7002 | (To be inserted by officer on copy left with defendant or other person) |

Service by Facsimile Transmission will be accepted at: _____

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**12-Person Jury**

Return Date: No return date scheduled
Hearing Date: 11/12/2019 10:00 AM - 10:00 AM
Courtroom Number: 2302
Location: District 1 Court
    Cook County, IL

FILED
7/12/2019 4:31 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH08270

FILED DATE: 7/12/2019 4:31 PM   2019CH08270

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| NOE ALVAREZ, individually and on behalf of similarly situated individuals, ) | No. | 5755393 |
| *Plaintiff,* ) | **2019CH08270** | |
| v. ) | Hon. | |
| MENASHA CORPORATION, a Wisconsin corporation. ) | | |
| *Defendant.* ) | | |

### CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff Noe Alvarez ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings his Class Action Complaint against Defendant Menasha Corporation ("Defendant") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to his own experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

### INTRODUCTION

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including handprints, fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2. This case concerns the misuse of individuals' biometrics by Defendant, the industry's largest independent, retail-focused packaging and merchandising solutions provider. Using biometrically-enabled technology, Defendant is capturing, collecting, disseminating, or

FILED DATE: 7/12/2019 4:31 PM   2019CH08270

otherwise using the biometrics of Plaintiff and other Class members, without their informed written consent as required by law, in order to track their time when they "clock-in" and "clock-out" of their work shifts.

3.      BIPA provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they first:

(1)     inform the person whose biometrics are to be collected *in writing* that biometric identifiers or biometric information will be collected or stored;

(2)     inform the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

(3)     receive a *written release* from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; and

(4)     publish publicly available retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

4.      Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

5.      Defendant's biometric timekeeping system works by extracting biometric information from individuals, such as handprints, fingerprints or portions thereof, and subsequently using the same for authentication and timekeeping purposes. The system includes the dissemination of biometrics to third parties, such as data storage vendors and payroll services. The biometrics are stored and repeatedly used each time a worker "clocks in" or "out" on the job.

FILED DATE: 7/12/2019 4:31 PM   2019CH08270

6.      The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers can be changed. Biometrics, however, are biologically unique to each individual and, once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when a person's biometrics are also associated with their other personally identifiable information.

7.      The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

8.      Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating his state biometric privacy rights.

9.      On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

10.     Defendant Menasha Corporation is a Wisconsin corporation that conducts substantial business and markets its packaging solutions throughout Illinois, including in Cook County, and is registered with and authorized by the Illinois Secretary of State to transact business in Cook County, Illinois.

11.     At all relevant times, Plaintiff Noe Alvarez has been a resident and citizen of the State of Illinois and worked for Defendant in Cook County.

3

FILED DATE: 7/12/2019 4:31 PM  2019CH08270

## JURISDICTION AND VENUE

12.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this State and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, and used Plaintiff's biometric identifiers and/or biometric information in this State.

13.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Cook County and thus resides there under § 2-102, and because the transaction out of which this cause of action arises occurred in Cook County.

## FACTS SPECIFIC TO PLAINTIFF

14.     Defendant is a packaging solutions company, dealing with retail product packaging, that relies on new technologies, including biometrically-enabled technologies, to track its employees while at work.

15.     During the relevant time, Plaintiff worked at one of Defendant's facilities in Illinois.

16.     Defendant implemented biometric scanning and time-tracking devices and technology at its facilities to monitor and track its employees', including Plaintiff's, time.

17.     Plaintiff was required to scan his fingerprint into biometric timekeeping devices in order to "clock-in" and "clock-out" of each respective work shift. Plaintiff could only verify his attendance and timeliness using biometrically-enabled technology.

18.     Plaintiff relied on Defendant to not only provide a lawful and legally compliant system, but to also disclose all material information regarding the technology and system, including all relevant retention, destruction, and dissemination policies.

4

19.     Defendant's biometric timekeeping regime allows for and resulted in the dissemination of Plaintiff and other Class member's biometrics to third parties, including vendors for timekeeping, data storage, and payroll purposes.

20.     Prior to taking Plaintiff's biometrics, Defendant did not inform Plaintiff in writing that his biometrics were being collected, stored, used, or disseminated, or publish any policy specifically about the collection, retention, use, deletion, or dissemination of biometrics.

21.     Defendant did not seek, and Plaintiff never provided, any written consent relating to the collection, use, storage, or dissemination of his biometrics.

22.     Prior to taking Plaintiff's biometrics, Defendant did not make publicly available any written policy as to its biometric retention schedule, nor did they disclose any guidelines for permanently destroying the collected biometrics.

23.     Additionally, Defendant did not obtain consent from Plaintiff for any dissemination of his biometrics to third parties.

24.     To this day, Plaintiff is unaware of the status of his biometrics obtained by Defendant. Defendant has not informed Plaintiff whether it still retains his biometrics, and if it does, for how long they intend to retain such information without his consent.

25.     BIPA vests an individual state right to biometric privacy. Defendant's deprivation of Plaintiff's biometric privacy right constitutes the actual harm the Legislature sought to prevent.

## CLASS ALLEGATIONS

26.     Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant within the state of Illinois at any time within the applicable limitations period.

5

FILED DATE: 7/12/2019 4:31 PM   2019CH08270

FILED DATE: 7/12/2019 4:31 PM   2019CH08270

27.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

28.     Upon information and belief, there are at least hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's personnel records.

29.     Plaintiff's claims are typical of the claims of the members of the Class he seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations and common law transgressions.

30.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

    a.    Whether Defendant's conduct is subject to BIPA;

    b.    Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

    c.    Whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

    d.    Whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

FILED DATE: 7/12/2019 4:31 PM   2019CH08270

e.    Whether Defendant's conduct violates BIPA;

f.    Whether Defendant's conduct is negligent;

g.    Whether Defendant's violations of the BIPA are willful or reckless; and

h.    Whether Plaintiff and the Class are entitled to damages and injunctive relief.

31.    Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

32.    Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

33.    Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**COUNT I**
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*,**
**(On behalf of Plaintiff and the Class)**

34.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35.    Defendant is a private entity under BIPA.

36.    BIPA requires a private entity, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes

7

FILED DATE: 7/12/2019 4:31 PM   2019CH08270

it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

37.     BIPA also requires that a private entity in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. An entity which possess biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

38.     Plaintiff and the other Class members have had their "biometric identifiers," namely their fingerprints, collected, captured, or otherwise obtained by Defendant. Plaintiff and the other Class members' biometric identifiers were also used to identify them, and therefore constitute "biometric information" as defined by BIPA. 740 ILCS 14/10.

39.     Each instance Plaintiff and the other Class members were required to scan their fingerprints, Defendant captured, collected, stored, and/or used Plaintiff's and the other Class members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA.

40.     Defendant's practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

8

FILED DATE: 7/12/2019 4:31 PM  2019CH08270

a. Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

b. Defendant failed to inform Plaintiff and Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

c. Defendant failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d. Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

e. Defendant failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and

f. Defendant failed to obtain informed consent to disclose or disseminate the Class' biometrics, as required by 740 ILCS 14/15(d)(1).

41. By obtaining and operating an employee timekeeping system which uses biometrics that was devoid of the privacy protections required by BIPA, Defendant profited from Plaintiff's and the Class members' biometric identifiers and biometric information in violation of 740 ILCS 14/15(c). Defendant knew, or was reckless in not knowing, that the biometric systems they used would be subject to the provisions of BIPA yet wholly failed to comply with the statute.

9

FILED DATE: 7/12/2019 4:31 PM   2019CH08270

42.     By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class' biometrics as described herein, Defendant denied Plaintiff and the Class their right to statutorily-required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

43.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1).

44.     Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

45.     Accordingly, with respect to Count I, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

a.     Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b.     Declaring that Defendant's actions, as set forth herein, violate BIPA;

c.     Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with the BIPA requirements for the capture, collection, storage, use, and dissemination of biometric identifiers and biometric information;

d.   Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1);

e.   Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3);

f.   Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g.   Awarding pre- and post-judgment interest, as allowable by law; and

h.   Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: July 12, 2019                    Respectfully Submitted,

                                        NOE ALVAREZ, individually and on behalf of a
                                        class of similarly situated individuals


                                        By:    /s/ William P.N. Kingston
                                        *One of Plaintiff's Attorneys*

William P.N. Kingston
Jad Sheikali
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
wkingston@mcgpc.com
jsheikali@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

11

Hearing Date: 11/12/2019 10:00 AM - 10:00 AM
Courtroom Number: 2302
Location: District 1 Court
　　　　　Cook County, IL

FILED
7/16/2019 10:24 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH08270

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| NOE ALVAREZ, individually and on behalf of similarly situated individuals, | ) ) ) | No. 2019-CH-08270　5779905 |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Hon. Caroline K. Moreland |
| MENASHA CORPORATION, a Wisconsin corporation. | ) ) ) | |
| *Defendant.* | ) ) | |

FILED DATE: 7/16/2019 10:24 AM　2019CH08270

### <u>DECLARATION OF JAD SHEIKALI</u>

I, Jad Sheikali, hereby aver, pursuant to 735 ILCS 5/1-109, that I have personal knowledge of all matters set forth herein unless otherwise indicated and would testify thereto if called as a witness in this matter.

1.　　　I am an adult over the age of 18 and a resident of the State of Illinois.

2.　　　I am fully competent to make this Declaration and I do so in support of Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery.

3.　　　I am an associate of the law firm McGuire Law, P.C. I am licensed to practice law in the State of Illinois, and I am one of the attorneys representing the Plaintiff in this matter.

4.　　　McGuire Law, P.C. is a litigation firm based in Chicago, Illinois that focuses on class action litigation, representing clients in both state and federal trial and appellate courts throughout the country.

5.　　　The attorneys of McGuire Law, P.C. have regularly engaged in complex litigation on behalf of consumers and have extensive experience prosecuting class action lawsuits similar in

1

FILED DATE: 7/16/2019 10:24 AM   2019CH08270

size and complexity to the instant case. Attorneys at my firm have served as class counsel in numerous complex consumer class actions. *See, e.g.*, *Shen et al v. Distributive Networks, Inc.* (N.D. Ill. 2007); *McFerren et al v. AT&T Mobility, LLC* (Sup. Ct. Fulton County, Ga. 2008); *Gray et al v. Mobile Messenger Americas, Inc. et al.*, (S.D. Fla. 2008); *Gresham et al v. Keppler & Associates, LLC et al.*, (Sup. Ct. Los Angeles County, Cal. 2008); *Weinstein et al v. The Timberland Co., et al.* (N.D. Ill. 2008); *Sims et al v. Cellco Partnership* et al., (N.D. Cal. 2009); *Van Dyke et al v. Media Breakaway, LLC et al.*, (S.D. Fla. 2009); *Paluzzi, et al. v. mBlox, Inc., et al.*, (Cir. Ct. Cook County, Ill. 2009); *Valdez et al v. Sprint Nextel Corporation* (N.D. Cal. 2009); *Parone et al v. m-Qube, Inc. et al.*, (Cir. Ct. Cook County, Ill. 2010); *Satterfield et al v. Simon & Schuster* (N.D. Cal. 2010); *Espinal et al v. Burger King Corporation et al.*, (S.D. Fla. 2010); *Lozano v. Twentieth Century Fox*, (N.D. Ill. 2011); *Williams et al v. Motricity, Inc. et al.*, (Cir. Ct. Cook County, Ill. 2011); *Walker et al v. OpenMarket, Inc. et al.*, (Cir. Ct. Cook County, Ill. 2011); *Schulken at al v. Washington Mutual Bank, et al.*, (N.D. Cal. 2011); *In re Citibank HELOC Reduction Litigation* (N.D. Cal 2012); *Kramer et al v. Autobytel* et al., (N.D. Cal. 2011); *Rojas et al v. Career Education Co.* (N.D. Ill. 2012); *Ellison et al v. Steven Madden, Ltd.* (C.D. Cal. 2013); *Robles et al v. Lucky Brand Dungarees, Inc.* et al., (N.D. Cal. 2013); *Pimental et al v. Google, Inc. et al.*, (N.D. Cal. 2013); *In re Jiffy Lube Spam Text Litigation* (S.D. Cal. 2013); *Lee et al v. Stonebridge Life Ins. Co. et al.*, (N.D. Cal. 2013); *Gomez et al v. Campbell-Ewald Co.* (C.D. Cal. 2014); *Murray et al. v. Bill Me Later, Inc.*, 12-cv-4789 (N.D. Ill. 2014); *Valladares et al v. Blackboard, Inc.* (Cir. Ct. Cook County, Ill. 2016); *Hooker et al. v. Sirius XM Radio, Inc.* (E.D. Va. 2016); *Seal et al. v. RCN Telecom Services, LLC*, (Cir. Ct. Cook County, Ill. 2017); *Manouchehri, et al. v. Styles for Less, Inc., et al.*, (S.D. Cal. 2017); *Vergara et al. v. Uber*

FILED DATE: 7/16/2019 10:24 AM 2019CH08270

*Technologies, Inc.* (N.D. Ill. 2017); *Flahive et al v. Inventurus Knowledge Solutions, Inc.* (Cir. Ct. Cook County 2017).

6.      I am a graduate of Loyola University Chicago School of Law. I have been practicing law since 2016 and have been admitted to practice in the Illinois Supreme Court and in the U.S. District Court for the Northern District of Illinois. I am a Certified Information Privacy Professional, United States Private Sector (CIPP/US).

7.      McGuire Law, P.C. has diligently investigated the facts and claims in this matter and will continue to diligently investigate and prosecute this matter. McGuire Law, P.C. has also dedicated substantial resources to this matter and will continue to do so. McGuire Law, P.C. has the financial resources necessary to fully prosecute this action through trial and to provide the necessary and appropriate notice to the class members should this proposed class be certified.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 16, 2019 in Chicago, IL.

/s/    Jad Sheikali
*One of Plaintiff's Attorneys*

Hearing Date: 11/12/2019 10:00 AM - 10:00 AM
Courtroom Number: 2302
Location: District 1·Court
    Cook County, IL

FILED
7/16/2019 10:24 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH08270

5779905

FILED DATE: 7/16/2019 10:24 AM   2019CH08270

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

NOE ALVAREZ, individually and on behalf            )
of a class of similarly situated individuals,      )
                                                   )
                                                   )   Case No. 2019-CH-08270
                     *Plaintiff,*                  )
                                                   )   Hon.Caroline K. Moreland
            v.                                     )
                                                   )
MENASHA CORPORATION, a Wisconsin                   )
corporation,                                       )
                                                   )
                     *Defendant.*                  )
_____               )

**NOTICE OF MOTION**

To:

On November 11, 2019 at 10:00 a.m. or as soon thereafter as counsel may be heard,

I shall appear before the Honorable Caroline K Moreland or any Judge sitting in that

Judge's stead, in courtroom 2302, located at the Richard J. Daley Center, 50 W.

Washington St., Chicago, Illinois 60602, and present *Plaintiff's Motion for Class

Certification or, Alternatively, for a Deferred Class Certification Ruling Pending

Discovery.*

| | | | |
|---|---|---|---|
| **Name:** | McGuire Law, P.C. | **Attorney for:** | Plaintiff |
| **Address:** | 55 W. Wacker Dr., 9th Fl. | **City:** | Chicago, IL |
| 60601 | | | |
| **Telephone:** | (312) 893-7002 | **Firm ID.:** | 56618 |

- 1 -

FILED DATE: 7/16/2019 10:24 AM  2019CH08270

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on July 16, 2019, a copy of *Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* was sent to Defendant's Registered Agent by way Process Server.


___William Kingston__


- 2 -

Hearing Date: 11/12/2019 10:00 AM - 10:00 AM
Courtroom Number: 2302
Location: District 1 Court
Cook County, IL

FILED
7/16/2019 10:24 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH08270

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

NOE ALVAREZ, individually and on
behalf of similarly situated individuals,

   *Plaintiff,*

     v.

MENASHA CORPORATION, a
Wisconsin corporation.

   *Defendant.*

No. 2019-CH-08270  5779905

Hon. Caroline K. Moreland

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY,
FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY**

Plaintiff Noe Alvarez, by and through his undersigned counsel, pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.,* 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.,* 662 F.3d 891, 896–97 (7th Cir. 2011). In support of his Motion, Plaintiff submits the following Memorandum of Law.

Dated: July 16, 2019

Respectfully Submitted,

NOE ALVAREZ, individually and on behalf of a
Class and Subclass of similarly situated individuals

By: /s/ Jad Sheikali
*One of Plaintiff's Attorneys*

1

FILED DATE: 7/16/2019 10:24 AM   2019CH08270

William P.N. Kingston
Jad Sheikali
MCGUIRE LAW, P.C. (#56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
wkingston@mcgpc.com
jsheikali@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

FILED DATE: 7/16/2019 10:24 AM   2019CH08270

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION OR, ALTERNATIEY, FOR
<u>A DEFFERED CLASS CERTIFICATION RULING PENDING DISCOVERY</u>**

This Court should certify a class of Illinois residents whose biometric identifiers and biometric information were captured, collected, stored, and used by Menasha Corporation ("Defendant"). Defendant, a packaging solutions company dealing with retail product packaging in Illinois, has violated Illinois law by capturing, collecting, storing and using individuals' biometrics without obtaining proper consent, failing to provide such individuals with a retention schedule explaining how long their biometric information and biometric identifiers are used and stored, and when they will be destroyed, and transmitting said biometric information to third parties without the consent of Plaintiff or the putative class. After Plaintiff learned of Defendant's wrongful conduct, he brought suit on behalf of a class of similarly situated individuals to put a stop to Defendant's capture, collection, storage and use of biometric identifiers and/or biometric information in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for all persons injured by its conduct.

## I. <u>INTRODUCTION: BIPA</u>

The Illinois Biometric Information Protection Act, or BIPA, is designed to protect individuals' personal biometric information. Under BIPA, biometric identifiers include handprints, fingerprints and palm scans; while biometric information can be defined as any information based on a biometric identifier, regardless of how it is converted or stored. (Complaint, "Compl.," ¶ 1.) In recognition of the importance of the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing that biometric identifiers or information will be captured, collected, stored, or used; (2) inform that

3

person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being captured, collected, stored, and used; (3) received a written release from the person for the collection of his or her biometric identifiers and/or information; and (4) publish publicly and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/5. (Compl. ¶ 3.)

## I.    FACTUAL BACKGROUND

### A.    The Underlying Misconduct.

Defendant has taken the biometrics of hundreds of people within the state of Illinois. (Compl., ¶ 28.)  During the relevant period, Defendant implemented a biometric scanning and time-tracking devices and technology at its Illinois facilities to monitor and track its employees', including Plaintiff's time. (Compl. ¶¶ 14-16.) Plaintiff could only verify his attendance and timeliness using biometrically-enabled technology. (Compl. ¶ 17.) Defendant uses its biometric technology to capture, collect, store, and disseminate Plaintiff's and other Class member's biometrics. (Compl. ¶ 19.)

However, Defendant failed to obtain informed consent from the individuals prior to capturing and collecting their biometric information, Defendant failed to provide individuals with a retention schedule and deletion policies which detail how and when Defendant would retain and then destroy the individuals' biometric information and/or biometric identifiers and, finally, Defendant did not obtain consent to transmit or disseminate Plaintiff's biometrics to third parties. (Compl. ¶¶ 20-23.) On information and belief, Defendant does not have a policy of informing individuals in any way what happens to their biometric information after it is collected and obtained, whether it still retain their biometrics, and if it does, for how long it intends to retain

FILED DATE: 7/16/2019 10:24 AM   2019CH08270

such information without their consent, whether the information is transmitted to a third party and, if so, which third party. Despite its practice of taking the biometric information of every individual who uses its biometric technology, Defendant failed to comply with BIPA's statutory requirements regarding collection of biometric identifiers and biometric information.

### B.      The Proposed Classes

Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant within the State of Illinois at any time within the applicable limitations period.

(Compl. ¶ 26.) As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

## II.    ARGUMENT

### A.      Standards for Class Certification

To obtain class certification, it is not necessary for a plaintiff to establish that he will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

FILED DATE: 7/16/2019 10:24 AM   2019CH08270

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)   The class is so numerous that joinder of all members is impracticable.
> (2)   There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3)   The representative parties will fairly and adequately protect the interest of the class.
> (4)   The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

6

FILED DATE: 7/16/2019 10:24 AM    2019CH08270

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

### B.      The Numerosity Requirement is Satisfied

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are at least hundreds of members of the Class. (Complaint at ¶ 28.) Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling).

Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records. Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a

class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C.    Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg,* 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the Class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate, among others, the following common issues: whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics; whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics; whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which their biometrics were being collected, stored and used before taking their biometrics; whether Defendant's conduct violates BIPA; whether Defendant's conduct is fraudulent; whether Defendant's conduct is negligent; whether Defendant's conduct constitutes an invasion of privacy; whether Defendant's violations of the BIPA are willful or reckless; and whether Plaintiff and the Class are entitled to damages and injunctive relief. (Compl. ¶ 30.) As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by

FILED DATE: 7/16/2019 10:24 AM 2019CH08270

FILED DATE: 7/16/2019 10:24 AM   2019CH08270

collecting, capturing, storing and/or or using the biometrics of Class members without retaining a written release and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff have satisfied this hurdle to certification.

### D. Adequate Representation

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interest as the members of the proposed Class. Plaintiff has alleged that, like the other members of the Class, he was subjected to Defendant's biometric timekeeping technology and that Defendant captured, collected, stored, and disseminated his biometrics. Plaintiff has also alleged that Defendant did so without complying with the BIPA's requirements. Plaintiff's pursuit of this matter against Defendant demonstrates that he will be a zealous advocate for the Class. Further, proposed class counsel has regularly engaged in major complex and class action litigation in state and federal courts and have been appointed as class counsel in several complex consumer class actions. (*See* Declaration of Jad

FILED DATE: 7/16/2019 10:24 AM   2019CH08270

Sheikali, attached hereto as Exhibit A, at ¶ 5.) Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Classes, thus satisfying Section 2-801(3).

### E.    Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of...protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to the those effected,

10

FILED DATE: 7/16/2019 10:24 AM  2019CH08270

but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## III.    **CONCLUSION**

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiff respectfully request that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: July 16, 2019                          Respectfully Submitted,

                                            NOE ALVAREZ, individually and on behalf of a
                                            class of similarly situated individuals

                                            By: /s/ Jad Sheikali
                                            *One of Plaintiff's Attorneys*

William P.N. Kingston
Jad Sheikali
MCGUIRE LAW, P.C.

11

FILED DATE: 7/16/2019 10:24 AM    2019CH08270

55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
wkingston@mcgpc.com
jsheikali@mcgpc.com

CONSUMER LAW GROUP, LLC
6232 N Pulaski Rd., Suite 200
Chicago, IL 60646
(312) 627-7777

*Attorneys for Plaintiff and the Putative Class*

12

FILED DATE: 7/16/2019 10:24 AM 2019CH08270

## CERTIFICATE OF FILING

The undersigned, an attorney, hereby certifies that on July 16, 2019, a copy of *Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* was filed electronically with the Clerk of Court using the e-filing system.

William P.N. Kingston

13

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
07/19/2019
CT Log Number 535898541

**TO:** MARK FOGARTY
MENASHA CORPORATION
1645 BERGSTROM RD
NEENAH, WI 54956-9766

**RE:** **Process Served in Illinois**

**FOR:** Menasha Corporation  (Domestic State: WI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | NOE ALVAREZ, ETC., PLTF. vs. MENASHA CORPORATION, ETC., DFT. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice, Motion(s), Certificate(s) |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Chancery Division, IL<br>Case # 2019CH08270 |
| **NATURE OF ACTION:** | JURY DEMAND |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/19/2019 at 14:03 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Not be served later than 30 days after its date. |
| **ATTORNEY(S) / SENDER(S):** | William P.N. Kingston<br>MCGUIRE LAW, P.C.<br>55 W. Wacker Drive, 9th Fl.<br>Chicago, IL 60601<br>312-893-7002 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/20/2019, Expected Purge Date: 07/25/2019<br><br>Image SOP<br><br>Email Notification,  MARK FOGARTY  mark.Fogarty@menasha.com<br><br>Email Notification,  JULIE MASSEY  julie.massey@menasha.com<br><br>Email Notification,  LESLIE BRUNNER  leslie.brunner@menasha.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Page 1 of  1 / AB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.