**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| NOE ALVAREZ, individually and on behalf of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>TRIUNE LOGISTICS, LLC, an Illinois limited liability company,<br><br>*Defendant.* | No. 19-cv-05592<br><br>Hon. Gary S. Feinerman<br><br>Magistrate Judge M. David Weisman |

**FIRST AMENDED CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff Noe Alvarez ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this First Amended Class Action Complaint against Defendant Triune Logistics, LLC ("Defendant") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to his own experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

**INTRODUCTION**

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including handprints, fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2. Defendant is a third-party staffing and human resources company that places its workers, like Plaintiff, in employment positions with Defendant's various respective customers. Using biometrically-enabled technology, Defendant captured, collected, stored, disseminated, and

otherwise used the biometrics of Plaintiff and other Class members, without their informed written consent as required by law, in order to track their time when they "clock-in" and "clock-out" of their work shifts with Defendant's respective corporate customers.

3. BIPA provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they first:

> (1) inform the person whose biometrics are to be collected *in writing* that biometric identifiers or biometric information will be collected or stored;
>
> (2) inform the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;
>
> (3) receive a *written release* from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; <u>and</u>
>
> (4) publish publicly available retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

4. Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

5. Defendant's biometric timekeeping system works by extracting biometric information from individuals, such as handprints, fingerprints or portions thereof, and subsequently using the same for authentication and timekeeping purposes. The system includes the dissemination of biometrics to third parties, such as data storage vendors and payroll services

providers. The biometrics are stored and repeatedly used each time a worker "clocks in" or "out" on the job.

6. The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers can be changed. Biometrics, however, are biologically unique to each individual and, once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when a person's biometrics are also associated with their other personally identifiable information.

7. The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

8. Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating his state biometric privacy rights.

9. On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

10. Defendant Triune Logistics, LLC is an Illinois limited liability company that conducts substantial business and provides temporary employment services throughout Illinois, including in this District, and is registered with and authorized by the Illinois Secretary of State to transact business throughout Illinois.

11. At all relevant times, Plaintiff Noe Alvarez has been a resident and citizen of the State of Illinois.

## JURISDICTION AND VENUE

12. This Court has diversity jurisdiction under 28 U.S.C. § 1332(d), because (i) at least one member of the putative class is a citizen of a state different from any Defendant, (ii) the amount in controversy exceeds $5,000,000 exclusive of interests and costs, and (iii) none of the exceptions under that subsection apply to the instant action.

13. This Court has personal jurisdiction over Defendant because Defendant transacts business in Illinois and because a substantial part of the events giving rise to Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant captured Plaintiff's biometrics in Illinois.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, as Defendant captured Plaintiff's biometrics in this District.

## FACTS SPECIFIC TO PLAINTIFF

15. During the relevant time period, Plaintiff was employed by Defendant as one of its temporary workers. Plaintiff was assigned to work in one of Defendant's customer's warehouses located in Illinois.

16. Throughout Plaintiff's employment, Defendant used biometric scanning devices and technology to capture, collect, and store his biometrics in order to identify him and track his work time.

17. Plaintiff was required to provide a finger scan, *i.e.* his biometrics, to Defendant in order to check in and out of his work shifts. Once Plaintiff scanned his biometrics, Defendant necessarily obtained, possessed, and stored, even if temporarily, the same in order accurately confirm Plaintiff's identity and record his time on subsequent shifts.

4

18. Defendant's use of the biometric timekeeping system allows for and resulted in the dissemination of Plaintiff and other Class member's biometrics to third parties, including vendors for data storage, and payroll purposes.

19. Prior to taking Plaintiff's biometrics, Defendant did not inform Plaintiff in writing that his biometrics were being collected, stored, used, or disseminated, or publish any policy specifically about the collection, retention, use, deletion, or dissemination of biometrics.

20. Defendant did not seek, and Plaintiff never provided, any written consent relating to the collection, use, storage, or dissemination of his biometrics.

21. Prior to taking Plaintiff's biometrics, Defendant did not make publicly available any written policy as to its biometric retention schedule, nor did they disclose any guidelines for permanently destroying the collected biometrics.

22. Additionally, Defendant did not obtain consent from Plaintiff for any dissemination of his biometrics to third parties.

23. BIPA vests an individual state right to biometric privacy. Defendant's deprivation of Plaintiff's biometric privacy right constitutes the actual harm the Legislature sought to prevent.

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant within the state of Illinois at any time within the applicable limitations period.

25. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

26. Upon information and belief, there are at least hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's personnel records.

27. Plaintiff's claims are typical of the claims of the members of the Class he seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations and common law transgressions.

28. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

   a. Whether Defendant's conduct is subject to BIPA;

   b. Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

   c. Whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

   d. Whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

   e. Whether Defendant's conduct is negligent;

   f. Whether Defendant's violations of the BIPA are willful or reckless; and

   g. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

29.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

30.     Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

31.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.,**
**(On behalf of Plaintiff and the Class)**

32.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33.     Defendant is a private entity under BIPA.

34.     BIPA requires a private entity, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a

biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

35. Defendant, in the course of verifying Plaintiff's and the Class members' respective identities and work hours, collected, captured, or otherwise obtained their biometrics. Defendant also necessarily possessed and stored such biometric information in order to compare the same against subsequent biometric scans by Plaintiff and the Class members. Prior to doing so, Defendant did not provide Plaintiff and the Class with any readily accessible written disclosures, nor did it obtain Plaintiff's and the Class's respective informed written consent.

36. BIPA also requires that private entities in possession of biometrics establish and maintain a publicly available biometric data retention policy. 740 ILCS 14/15(a). Despite possessing and storing Plaintiff's and the Class's biometrics, Defendant failed to make readily available any such biometric data retention policies.

37. Finally, upon information and belief, Defendant disseminated biometric information derived from Plaintiff's and the Class members' biometrics to third party data storage and payroll vendors without their informed written consent, in violation of 740 ILCS 14/15(d).

38. By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class members' biometrics as described herein, Defendant denied Plaintiff and the Class members their right to statutorily required information and violated their respective rights to biometric information privacy, as set forth in the BIPA.

39. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation.

40. Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with the BIPA disclosure, consent, and policy posting requirements.

41. Accordingly, with respect to Count I, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

    a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

    b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

    c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with the BIPA;

    d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

    e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);

    f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

    g. Awarding pre- and post-judgment interest, as allowable by law; and

    h. Awarding such further and other relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: November 25, 2019  Respectfully Submitted,

NOE ALVAREZ, individually and on behalf of a class of similarly situated individuals

By: /s/ Jad Sheikali
*One of Plaintiff's Attorneys*

Jad Sheikali
William P.N. Kingston
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
jsheikali@mcgpc.com
wkingston@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*